IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MHF OPCO, LLC.,

                         Plaintiff,                             OPINION and ORDER

    v.

                                                              22-cv-707-wmc

RYAN CHARLES DREXLER,

                         Defendant.
_____

The clerk's office entered a default against defendant Ryan Charles Drexler after he failed to answer the original complaint filed by plaintiff MHF Opco, LLC ("Opco"), in this breach of contract case. (Dkt. #13.) However, Opco then proceeded to file an amended complaint, which Drexler timely answered. (Dkt. #18 and Dkt. #23.) Drexler also filed a motion to vacate the court's original entry of default under Federal Rule of Civil Procedure 55(a), arguing both that it is moot and there is good cause to set it aside. (Dkt. #19.) Opco disagrees and moves for entry of a default judgment against Drexler in the amount of $4,439,576.07. (Dkt. #28.) Finally, Opco requests a scheduling conference under Federal Rule of Civil Procedure 16(a)(1) (dkt. #43). For the following reasons, the court will grant the motion to vacate the entry of default, deny plaintiff's motion for a default judgment and direct the Clerk to set this matter for a scheduling conference.

## BACKGROUND[1]

Mill Haven Foods is a Wisconsin-based food products company that sold a substantial quantity of dry dairy powder to MusclePharm Corporation ("MusclePharm"), which is a Nevada-based manufacturer of sports nutrition products and nutritional supplements. (Dkt. #18, ¶ 1.) Between December 2021, and July 2022, Mill Haven sold more than $3.8 million worth of product to MusclePharm. (*Id*.)

In June 2022, all of Mill Haven's assets, debts, and other obligations were acquired by Opco, which is a Texas-based limited liability company. (*Id*.) Mill Haven's debts included the $3,861,834.92 that MusclePharm had yet to pay for product previously delivered and invoiced. (*Id*. at ¶ 3.) Mill Haven's assets also included a personal guarantee executed as part of the parties' sales agreement on or around September 6, 2019, by MusclePharm's then-Chairman of the Board, President, and Chief Executive Officer, Ryan Charles Drexler, who promised that Mill Haven would be paid for all of its product purchased by MusclePharm. (*Id*. at ¶¶ 4-5, 28 and Dkt. 18-2, at 7-9.)

On December 13, 2022, Opco filed this lawsuit against MusclePharm and Drexler with an original complaint asserting claims for breach of contract and unjust enrichment. (Dkt. #1, at 9-13 ¶¶ 53-84.) Opco sought actual damages on behalf of Mill Haven in an amount greater than $3,861,834.92, jointly and severally from both defendants, in addition to their costs of suit, interest, and attorney's fees. (*Id*. at 13.) Two days later, MusclePharm filed a petition for relief under Chapter 11 of the Bankruptcy Code in Case

---

[1] For purposes of this opinion, the court will assume the following alleged background facts to be true.

No. 22-14422-nmc in the United States Bankruptcy Court for the District of Nevada. (Dkt. #7.)

On December 29, 2022, Opco personally served Drexler with summons and the original complaint at his residence in Malibu, California. (Dkt. 9, at 2 ¶ 6.) Based on the date of service, Drexler was required by Federal Rule of Civil Procedure 12 to answer or otherwise defend against the original complaint on or before January 19, 2023. Drexler failed to do so.

On January 25, 2023, Opco filed a motion for leave to file an amended complaint. (Dkt. #10.) The proposed amended complaint dropped MusclePharm as a defendant due to its pending bankruptcy while clarifying Opco's membership to establish diversity of citizenship as a limited liability company and Drexler's alternative address located in Nevada. (Dkt. #10-1, at 2-3 ¶¶ 7-16.) But the amended complaint otherwise retained the same claims against Drexler for breach of contract based on his personal guarantee. (*Id*. at 11-13 ¶¶ 56-72.)

On February 16, 2023, Opco filed a motion for entry of default as to Drexler under Federal Rule of Civil Procedure 55(a) for his failure to file a responsive pleading after being served with the original complaint. (Dkt. #11.) The clerk of court entered a default against Drexler the following day -- February 17, 2023. (Dkt. #13.) Shortly thereafter, however, the court granted Opco leave to file its amended complaint. (Dkt. #17 and Dkt. #18.)

On March 8, 2023, Drexler filed a motion to vacate the entry of default against him. (Dkt. #19.) Drexler admits that he was personally served with the summons and

3

original complaint on December 27, 2022, and did not answer within the time allowed due to his mistaken belief that the entire proceeding, including the origianl complaint directed against him personally, was subject to automatic stay provisions found in the Bankruptcy Code. (Drexler Decl. (dkt. #21) ¶ 3.) Attorney Michael P. Richman, who was representing Drexler in connection with MusclePharm's bankruptcy proceedings, learned of the entry of default during a review of MusclePharm's litigation on February 20, 2023, and notified Drexler (Richman Decl. (dkt. #20) ¶¶ 1, 4-5), who immediately moved to vacate the default. (Dkt. #19.) Drexler now argues that the entry of default should be set aside as moot because Opco's amended complaint superseded the original. (*Id*. at 3-5.) Drexler argues in the alternative that there is good cause to set aside the default. (*Id*. at 5-10). Because the court agrees that Drexler's default against the original complaint became moot upon the filing and this court's acceptance of the amended complaint, the court will vacate the entry of default without reaching Drexler's alternative argument.

OPINION

It is well-established that "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (3d ed. 2010) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies. Once an amended pleading is interposed, the original pleading no longer performs any function in the case[.]"). Applying this general rule, courts typically hold

4

that the filing of an amended complaint will render moot an entry of default and any subsequent motion for default judgment against a party whose default was based on the original complaint. *Blair v. Green Square Co.*, No. 1:20-cv-0888, 2020 WL 6827247, at *1 (S.D. Ind. Nov. 20, 2020); *Gladstone v. Health Career Acad.*, No. 3:15-cv-517, 2016 WL 81789, at *2 (D. Conn. Jan. 7, 2016); *Adolas, LLC v. Alexander Andrews & Assoc., LLC*, No. 19-cv-881, 2019 WL 13195252, at *1 (D. Colo. Nov. 5, 2019) (collecting cases).

Nevertheless, Opco argues that the entry of default is not moot because the amended complaint contained no new, substantive claims against Drexler and, therefore, it was not required to serve him with the amended complaint. (Dkt. # 26, at 15-16.) Specifically, Opco points out that under Federal Rule of Civil Procedure 5(a)(2), "[n]o service is required on a party who is in default for failing to appear" unless the pleading asserts a new claim for relief against the defaulting party, in which case the pleading must be served under Rule 4. *See* Fed. R. Civ. P. 5(a)(2). In support of its position, Opco points to *Stone v. United Crown Construction, Inc.*, No. 89C6670, 1989 WL 152804 (N.D. Ill. 1989), which concluded in a one-page opinion that a default was not vitiated by the filing of an amended complaint that was identical to the original. Opco also relies on a footnote found in *Pardo v. Mecum Auction, Inc.*, No. 12-08410, 2014 WL 627690, at *3 n.3 (N.D. Ill. Feb. 18, 2014), which commented that the defaulting defendants were not entitled to benefit from the general rule that treats an original complaint as null following an amended

complaint because Rule 5(a)(2) did not require service of an amended complaint that did not raise new claims.

Opco's argument is unpersuasive. The fact that Rule 5(a)(2) does not require service of an amended complaint with no new claims does not make that amended complaint any less operative for purposes of superseding the original. Other courts addressing this issue in greater detail than the cases cited by Opco have concluded that the no-service requirement found in Rule 5(a)(2) simply means an amended complaint that raises no new claims becomes operative when it is filed, rather than when it is served. *Allstate Ins. Co. v. Yadgarov*, No. 11-cv-6187, 2014 WL 860019, at *8 (E.D.N.Y. March 5, 2014); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13cv1395, 2014 WL 6810663, at *3-4 (S.D. Cal. Dec. 2, 2014). Regardless of Rule 5(a)(2), the majority of courts have vacated or set aside as moot a defendant's default on a prior, superseded complaint once the plaintiff's amended complaint becomes the operative pleading "even if the plaintiff simply repleaded [its] claims against that defendant." *Anselme v. Griffin*, No. 3:20cv00005, 2021 WL 2152512, at *3 (W.D. Va. May 26, 2021) (citations omitted). *E.g., Allstate Ins. Co.*, No. 11-cv-6187, 2014 WL 860019, at *8, 13-14 (concluding that where the amended complaint did not contain new claims and was not required to be served under Fed. R. Civ. P. 5(a)(2), the clerk's entry of default and the plaintiff's motion for default judgment were based on "a legal nullity" and were moot); *Wahoo Int'l, Inc.*, No. 13cv1395, 2014 WL 6810663, at *4 (concluding that default judgment could not be entered against a defendant in default on an original complaint that was superseded upon the filing of an amended complaint that did not add any new claims and did not require service under Rule 5(a)(2));

*Winston v. City of Laurel*, 2012 WL 5381346, at *1-2 (S.D. Miss. Oct. 31, 2012) (concluding that an amended complaint with the same basic fact allegations as the original complaint, but which did not expressly adopt or incorporate by reference the earlier pleading, rendered the defendant's default moot).

Because the amended complaint superseded the original complaint, which is no longer in effect, defendant's motion to set aside the entry of default will be granted. Consequently, plaintiff's motion for a default judgment will be denied as moot.

ORDER

IT IS ORDERED that:

1) Defendant's motion to set aside the entry of default (dkt. #19) is GRANTED.

2) The clerk of court's entry of default (dkt. #13) is VACATED.

3) Plaintiff's motion for default judgment (dkt. #28) is DENIED as moot.

4) Plaintiff's motion for a scheduling conference (dkt. #43) is GRANTED. A separate notice will be issued from the Clerk of Court setting this case for a pretrial scheduling conference before the magistrate judge.

Entered this 10th day of June, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge