IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MHF OPCO, LLC,

                            Plaintiff,

    v.

RYAN CHARLES DREXLER,

                            Defendant.

OPINION and ORDER

22-cv-707-wmc

---

Plaintiff MHF Opco, LLC filed this action for breach of contract against defendant Ryan Charles Drexler.  Plaintiff sought to recover over $3 million for products purchased but unpaid for by MusclePharm Corporation under the terms of a sales agreement.  That agreement included a personal guaranty of payment signed by Drexler, who was MusclePharm's Chairman of the Board, President, and Chief Executive Officer.  The court granted enforcement of the personal guaranty, as well as plaintiff's motion for attorney fees, and it entered judgment in plaintiff's favor in the amount of $6,782,500.66.  *See* Dkts. 104, 117, & 118.

## DISCUSSION

Now before this court is plaintiff's renewed motion to compel defendant to fully respond to post-judgment discovery requests and to preclude defendant from selling, transferring or disposing of any non-exempt, real property without written permission from this court. Dkt. 134.  As a prerequisite to renewing the motion, the court ordered the parties to meet and confer after defendant attested he would engage in good faith.  Dkt. 133.  A troubling series of events followed.  Plaintiff reached out to an attorney defendant retained to assist him in the appeal of this case to schedule a conference.  They agreed to have a call on

June 16, 2026 and did, although plaintiff's appellate counsel did not participate in the call; he sent his partner instead. That partner was not familiar with the case or the post-judgment discovery, although he did indicate that he would speak with defendant about amending his responses to the discovery requests and assured counsel defendant would make his document production by June 30, 2026. Since then, and despite numerous follow-up emails sent to defendant and his counsel, plaintiff has not received any further response or communication. No attorney has entered an appearance for defendant in this case, nor has the court received any response to plaintiff's renewed motion to compel.

The court held a hearing on this motion on July 24, 2026. Plaintiff appeared by counsel, but defendant did not appear and has not otherwise communicated with the court. At this point, the record shows defendant is malingering and forestalling. As explained below, the court will GRANT the motion in part, and ORDER defendant to show cause for his failure to engage in the discovery process in good faith and why this failure should not result in a finding of contempt and sanctions.

ORDER

The court largely GRANTS the renewed motion to compel as follows:

**Defendant's representation status.** It is not clear whether defendant has legal representation or not. Although an attorney participated in the meet and confer on defendant's behalf, no attorney has entered an appearance for defendant in this case. Defendant is therefore ORDERED, consistent with the order in his appeal from this case, to clarify whether he has legal representation in this case, in connection with the show cause response discussed below, no later than July 31, 2026.

2

**Requests for Production.**  Defendant is ORDERED to produce documents responsive to each of plaintiff's document requests by July 31, 2026.  Most of these requests are not disputed.  For those that are, the court OVERRULES defendant's objections.  In particular, he objects to producing tax records under "the tax return privilege," Dkt. 131 at 24, but "[t]ax returns in the hands of a taxpayer are not privileged," *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (citations omitted).

**Interrogatories.**  Defendant is ORDERED to supplement his responses by July 31, 2026.  The district court "has broad discretion in imposing sanctions." *Marshall v. Precision Pipeline LLC,* No. 13-CV-443-WMC, 2015 WL 224689, at *23 (W.D. Wis. Jan. 15, 2015)(citation omitted).  Defendant has waived and forfeited his objections by engaging in evasive tactics and failing to engage in discovery talks in good faith.

**Fees.**  Because the court is granting plaintiff relief, it will shift fees under Federal Rule of Civil Procedure 37(a)(5)(C).  Plaintiff may submit a request for reasonable expenses incurred in bringing and renewing its motion to compel by July 31, 2026.

**Sale of assets.**  The court will not impose any injunction or other restraint on the sale of assets without clearer authority.  Rule 69(a)(1) provides that the procedures on execution of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  It is not clear that Wisconsin has such a procedure.  Although this court issued the kind of order plaintiff now requests in an unrelated case as a civil contempt sanction, this case is not yet in that posture.  *See Wisconsin Whey Protein v. Lawrence*, Case No. 19-cv-667-wmc, 2024 WL 2864255, at *1 (W.D. Wis. June 6, 2024).

**Show cause.**  Defendant is ORDERED to show cause by July 31, 2026, why he failed to appear today, failed to fully respond to plaintiff's discovery requests, and failed to engage in

discovery in good faith.  Failure to respond or otherwise provide a satisfactory answer risks consequences, including a finding of contempt and sanctions.

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; [and] (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401.  "Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions." *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (citing *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)).  "Upon a finding of civil contempt, a court may, at its discretion, order reimbursement of the complainant, as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention." *Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

In this case, the court is considering all of the above—fines to compel compliance, reimbursement to compensate plaintiff for the extra work defendant's failure to engage has caused, and any other relief plaintiff can show it is entitled to.

*So ordered.*

Entered July 24, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

4